There are no expressions in the will from which an inference can be drawn that the testator intended the division should be per stirpes; on the contrary, he uses the word"equally," which plainly excludes such a construction. Thomasv. Hole, Cases Temp. Tal., 251. But independently of this, there are some cases which bear directly in point on the general principle, and which cannot be distinguished from the case at bar. A devised his freehold estates to trustees in trust, to sell and divide the money equally between R. S., J. S. and the children of M. P. M. P. had three children living at A's death, and the question was, Whether the children should take per stirpes, in which case the money would be divisible into three (385) parts, to one of which the children would be entitled; or whether they should take per capita, in which event the fund would be divided into five parts, and each of the children be entitled to a share in its own right. The chancellor decreed that the distribution was to be made per capita. Butler v. Stratton, 3 Bro. Ch. Cases, 367. In the case cited the word "children" is used, in which respect alone it differs from the case before us; but that is a mere verbal difference, which makes *Page 257 
none in principle or the rule of adjudication. For the word "heirs" has been considered synonymous with "children," where there are any competent to take as such (Loveday v. Hopkins, Amb., 273); and when applied by testament to personal property, must be understood to mean "next of kin," as they are the only persons designated by law to succeed to that kind of estate. 5 Ves. Jr., 399. The other authorities which relate to the principal point are, Blackler v. Webb, 2 P. Wms., 383; Weld v. Bradbury, 2 Vern., 705; Northey v. Strange, 1 P. Wms., 340; Wicker v. Mitford, Harg. Law Tracts, 513. An idea was adopted in the argument of this cause, that the statute of distributions must be resorted to in order to fix the construction of the will; but there is no authority for such a position. It is true that the statute of distributions does, in many cases, furnish the rule as to the object of the bequest, whereby we are enabled to ascertain who shall take under the designation used in the testament; but the proportion in which they shall take must necessarily be established from a just construction of the will. We are of opinion that the distribution must be made per capita, and, consequently, that each of the petitioners must share equally with the other legatees.